IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03447-M

JASHEEM SHAMAR BUTLER, )
)
Plaintiff, )
)
v. ) **ORDER**
)
RUSSELL DAVENPORT, et al., )
)
Defendants. )
)

On December 8, 2022, Jasheem Shamar Butler ("Butler"), a state inmate proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1, 2, 5]. As explained below, the court dismisses the action.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Butler alleges that in August and September 2020, defendant Davenport and other law enforcement officers (presumably defendants Shiflett, Cleary, Neal, Rowe, and Richards) committed an "unconstitutional invasion of privacy" by placing a GPS tracking device on Butler's car in order to monitor Butler's location. Compl. at 5–6; see id. at 1, 3–4 (naming defendants). Butler "attest[s] as a result he was arrested charged with trafficking on 9-4-2020 in Washington NC Beaufort County." Id. at 6. Butler also names the State of North Carolina as a defendant. Id. at 1. Butler seeks "[a]n order to vacate criminal judgment" and $1 million in damages from each defendant. Id. at 8.

A plaintiff cannot recover monetary damages or obtain injunctive relief for claims that imply an underlying conviction is invalid unless he "prove[s] that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see Mobley v. Tompkins, 473 F. App'x 337, 337 (4th Cir. 2012) (per curiam) (unpublished); Omar v. Chasanow, 318 F. App'x 188, 189 & n.* (4th Cir. 2009) (per curiam) (unpublished); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell,

2

273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

Butler's claim implies the invalidity of his conviction. See, e.g., Dulaney v. Weeks, No. 19-3058-SAC, 2019 WL 4450641, at *3 (D. Kan. Sept. 17, 2019) (unpublished); Aguiar v. Carter, No. 2:17-CV-121, 2018 WL 3966262, at *6 (D. Vt. Aug. 17, 2018) (unpublished); Chapman v. Lawson, 89 F. Supp. 3d 959, 964 (S.D. Ohio 2015); cf. Marcantoni v. Bealefeld, 734 F. App'x 198, 199 (4th Cir. 2018) (per curiam) (unpublished); Freeny v. Camden Cnty., Civ. No. 20-18278, 2021 WL 2589129, at *4 (D.N.J. June 24, 2021) (unpublished). Because Butler's conviction has not been overturned or otherwise invalidated, the court dismisses the claim without prejudice.

In sum, the court DISMISSES the action WITHOUT PREJUDICE. The clerk shall close the case.

SO ORDERED this 12th day of July, 2023.

RICHARD E. MYERS II
Chief United States District Judge